IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:11-CV-344-RJC-DSC

| | |
|---|---|
| VINCENT KOEHLER | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| RITE-AID PHARMACY and | ) |
| KV PHARMACEUTICALS, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| U.S. FOOD AND DRUG | ) |
| ADMINISTRATION | ) |
| | ) |
| Guarantor. | ) |

## ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court on Plaintiff's "Motion for Hearing" (document #14) filed August 23, 2011; and following Plaintiff's failure to respond to "Motion to Dismiss of Defendants Eckerd Corporation and K-V Pharmaceutical Corporation" (document #8) filed August 11, 2011, and Defendant "United States' Motion to Dismiss"(document #12) filed August 18, 2011. Plaintiff's responses were due, respectively, on or before August 29 and September 6, 2011. Rather than file substantive responses, Plaintiff filed his "Motion for Hearing" where he seeks to present "facts that will show that there is something clearly wrong with the Prescription Medicine business in America." Document #14 at 1.

A District Court has the inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) "provides an explicit basis for this sanction." Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991). Because dismissal is a severe sanction, the Court must exercise this power with restraint, balancing the need to prevent delays with the sound public policy of deciding cases on their merits.

Dove v. CODESCO, 569 F.2d 807, 810 (4th Cir. 1978). The Fourth Circuit therefore requires a trial court to consider four factors before dismissing a case for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990).

Accordingly, prior to recommending dismissal of this case pursuant to Rule 41 or on the merits of Defendants' Motions, the Court will allow Plaintiff an opportunity to show cause why this matter should not be dismissed.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's "Motion for Hearing" (document #14) is **DENIED**.

2. On or before October 14, 2011, Plaintiff shall file a response to Defendants' Motions to Dismiss or otherwise **SHOW CAUSE** why the Complaint should not be **DISMISSED**. The Plaintiff is warned that failure to make a timely response to this Order to Show Cause may result in **DISMISSAL** of this lawsuit **WITH PREJUDICE**.

3. The Clerk is directed to send copies of this Order to the pro se Plaintiff; to defense counsel; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED.**    Signed: September 7, 2011

David S. Cayer
United States Magistrate Judge